UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STANLEY C. MOORE, #256473,

        Petitioner,

v.                              ACTION NO. 2:09cv278

GENE M. JOHNSON,
Director of Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

Petitioner Stanley C. Moore, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Moore's February 24, 1997 convictions by the Circuit Court for the City of Petersburg following a plea of guilty to two counts of armed robbery, two counts of use of a firearm in the commission of a robbery and possession of a sawed-off shotgun. Moore was sentenced to 118 years, with 85 years suspended, and he did not file a direct appeal of his convictions.

Moore filed a habeas corpus petition in the Supreme Court of Virginia on January 27, 2000, which was dismissed on April 7, 2000 as time-barred under Virginia Code § 8.01-654(A)(2). Moore filed a second habeas corpus petition in the Circuit Court for the City of Petersburg on November

19, 2007, which was dismissed as time-barred and as an abuse of the writ on January 24, 2008. Moore's appeal of the dismissal to the Supreme Court of Virginia was dismissed on June 10, 2008. Moore then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on January 26, 2009. Moore v. Johnson, 129 S. Ct. 1048 (2009). The Supreme Court denied a rehearing on April 20, 2009. Moore v. Johnson, 129 S. Ct. 2045 (2009).

Moore, presently in the custody of the Virginia Department of Corrections at Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this federal habeas petition on June 10, 2009. Respondent filed a Rule 5 Answer and Motion to Dismiss, and Moore filed his response to the Motion to Dismiss. Accordingly, this matter is now ripe for adjudication.

B. **Grounds Alleged**

Moore asserts he is entitled to relief under 28 U.S.C. § 2254 because:

1) he was denied effective assistance of counsel when his counsel coerced him into a plea bargain, and then refused to file a motion to withdraw the guilty plea;

2) he was denied effective assistance of counsel and his due process rights were violated when his counsel knowingly withheld evidence essential to Moore's case and knowingly conspired with the prosecution to solicit and conceal evidence that a search warrant had not been executed on Moore's residence;

3) an illegal search and seizure occurred when the Petersburg police department executed a search of Moore's home without a search warrant; and,

4) his due process rights and confrontation clause rights were violated when the Petersburg police department failed to inform Moore and his counsel of an impromptu line-up where the police department threatened and coerced the alleged victim into identifying Moore as the alleged perpetrator of the armed robbery.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Moore's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

Moore failed to note an appeal of his February 24, 1997 convictions within thirty days. See Rule 5A:6, Rules of the Supreme Court of Virginia. Therefore, his convictions became final on March 26, 1997, and the one-year federal statute of limitations began to run.

The federal limitations period expired March 26, 1998, almost two years prior to Moore filing his first state habeas petition on January 27, 2000. Therefore, Moore's claims are barred by the statute of limitations unless he is entitled to equitable tolling.

Equitable tolling of the statute of limitations is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. at 418 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

3

Moore asserts that he made diligent efforts to have his guilty plea withdrawn and to file a habeas petition to have his claims heard. (Pet. Opp. to Mot. to Dismiss at 3-10.) He attaches several documents to his Opposition to the Motion to Dismiss in support of this assertion. However, a review of the documents shows that Moore waited a substantial amount of time, almost three years, before filing his first state habeas corpus petition. Even taking into consideration that Moore's trial counsel was unhelpful in providing Moore with documents from his case, and was eventually disbarred (See Ex. J to Pet. Opp.), waiting close to three years after sentencing before filing a state habeas petition cannot be excused. Moore's lack of reasonable diligence in pursuing a habeas appeal bars the application of equitable tolling to the federal limitations period. Therefore, Moore's petition is barred by the statute of limitations, and the Court will not address the merits of the claims.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss be GRANTED. The motion for an evidentiary hearing is also DENIED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to

the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 5, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Stanley C. Moore, #256473
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, Virginia 24219

Robert H. Anderson, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

January 5, 2010